UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JAMES TYLER (#372199)

VERSUS                                          CIVIL ACTION

JIMMY SMITH, ET AL                              NUMBER 12-222-SDD-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 5, 2013.


                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES TYLER (#372199)

VERSUS                                          CIVIL ACTION

JIMMY SMITH, ET AL                              NUMBER 12-222-SDD-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiff's Cross Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment. Record document numbers 58 and 48, respectively.

For the reasons which follow, the motions should be denied.


**I. Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Col. Jimmy Smith, Asst. Warden Angie Norwood and Warden Burl Cain.  Plaintiff alleged that he was subjected to an excessive use of force in retaliation for filing an administrative grievance, and he was intimidated into refusing medical treatment, all in violation of his constitutional rights.[1]

On October 18, 2012, a Magistrate Judge's Report was issued recommending that the plaintiff's claims that defendant Col. Smith

---

[1] Record document numbers 1, 3 and 17.

sprayed him with a chemical agent in retaliation for filing an ARP, defendant Asst. Warden Norwood failed to intervene during the August 4, 2011 incident, defendant Col. Smith threatened him and intimidated him into refusing medical treatment, and defendants Warden Cain and Asst. Warden Norwood failed to prevent a known pattern of physical abuse by defendant Col. Smith be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) and that the court decline to exercise supplemental jurisdiction over any state law claim.[2]

On November 27, 2012, the district judge adopted the Magistrate Judge's Report as the court's opinion and referred the matter back to the magistrate judge for further proceedings on the plaintiff's § 1983 excessive use of force claim against defendant Col. Smith.[3]

Plaintiff alleged that on August 4, 2011, he wrote a disrespectful letter to defendant Col. Smith in which he complained about Lt. Jamie Broussard.  Plaintiff alleged that defendant Col. Smith came to his cell and questioned him about the problem. Plaintiff alleged that he apologized for writing the disrespectful letter.  Plaintiff alleged that defendant Col. Smith left his cell, turned off the fan, returned to his cell and sprayed him with a

---

[2] Record document number 29.

[3] Record document number 33.

chemical agent for several seconds without any provocation or warning.

Plaintiff alleged that following the incident, he was restrained and placed in the shower where he was examined by medical personnel.  Plaintiff alleged that when he complained that he was experiencing respiratory difficulty, defendant Col. Smith threatened to spray him again.  Plaintiff alleged that he felt intimidated and refused the medical treatment.  Plaintiff alleged that he was transferred to administrative segregation at Camp J.

Plaintiff alleged that the next day he requested medical attention but was told by prison guards to be quiet because defendant Col. Smith was being transferred to Camp J, which was the plaintiff's current location.  Plaintiff alleged that he did not follow through on his request for medical treatment.

Plaintiff alleged that three days later defendant Col. Smith told him that he sprayed the plaintiff with the chemical agent because he was embarrassed and because he was upset that the plaintiff filed an Administrative Remedy Procedure ("ARP") against Warden Cain and Asst. Warden Norwood a month or two earlier complaining about the use of corporal punishment.

Plaintiff alleged that he was found guilty of the disciplinary charges and was sentenced to Camp J.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, his affidavits and the affidavit of inmate

Willard Allen, copies of the disciplinary report issued August 4, 2011 and the results of ARP LSP-2011-3065, copies of discovery responses, a copy of the plaintiff's Emergency Contact Information from his master prison record dated January 28, 2013, a copy of Louisiana State Penitentiary Directive No. 09.002, and various letters, newspaper and journal articles on pepper spray.

Defendant Col. Jimmy Smith moved for summary judgment relying on a statement of undisputed facts, excerpts from the plaintiff's deposition, the affidavits of the defendant, Dr. Jason Collins and Jamie Broussard, a copy of the August 4, 2011 gas log, excerpts from the plaintiff's master prison record, copies of the plaintiff's medical and mental health records, the results of ARP LSP-2011-3065, a copy of the letter by plaintiff to Col. Smith, copies of Department Regulation No. B-08-005, LSP Directive No. 11.005 and LSP Directive No. 09-002.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).  The court need only consider cited materials, but it may consider other

materials in the record.   Rule 56(c)(1)(3).

### B. Excessive Force

Plaintiff alleged that defendant Col. Smith subjected him to an excessive use of force without provocation in violation of his constitutional rights.   Specifically, the plaintiff alleged that defendant Col. Smith sprayed him without provocation with Sabre Phantom OC by Sabre® chemical agent for approximately 20 seconds.[4]

As related about, the plaintiff alleged that at the time he was sprayed with the chemical agent he experienced pain and discomfort to his skin and nostrils and felt as though he was suffocating.   Plaintiff alleged that he vomited and experienced skin irritation for approximately 15 hours following the incident.[5]

Plaintiff alleged that although he was in a great deal of pain, he declined medical treatment because he was afraid defendant Col. Smith would once again spray him with a chemical agent if he sought medical treatment.[6]

Plaintiff alleged that three days after the incident Col. Smith told him that he sprayed him with the chemical agent because he was embarrassed by the letter the plaintiff had written and because he was upset that the plaintiff filed an ARP against Warden

---

[4] Record document number 58-4.

[5] Record document number 58-3.

[6] Record document number 58-4.

Cain and Asst. Warden Norwood.[7]

Defendant Col. Smith offered a different version of the incident.[8]   According to him, on August 4, 2011, he and Lt. Broussard  went to the plaintiff's cell to discuss the letter the plaintiff sent to Col. Smith complaining about Lt. Broussard.[9] Plaintiff began cursing and making gestures to the officers.[10] Defendant Col. Smith ordered the plaintiff to stop cursing but he refused to comply.[11]   Defendant Col. Smith then administered 1.1 ounces  of Sabre Phantom OC chemical agent into the plaintiff's cell.[12]   Plaintiff then complied with the orders, was allowed to shower and was examined by medical personnel.[13]

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727,

---

[7] *Id.*

[8] Record document number 48-10.

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.* at 3-4.

[13] *Id.* at 4.

2738 (1982).   In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all.   *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated.   *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).   The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.   *Id*., at 639, 107 S.Ct. at 3038.   The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather when measured by an objective standard, a reasonable officer would have known that his conduct was illegal.   Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable.   *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

At the time of the alleged incident, a reasonable corrections officer would have known that spraying a prisoner with a chemical

agent without provocation was not objectively reasonable. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline).

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

Plaintiff's medical records showed that on August 4, 2011, the plaintiff was examined by medical personnel after being sprayed with a chemical agent.[14]  Plaintiff's medical records showed that the plaintiff voiced no complaints and physical examination revealed that the plaintiff did not sustain a trauma as a result of the incident.[15]  Plaintiff's medical records showed that the plaintiff was examined on August 15, 2011, secondary to the

---

[14] Record document number 48-4, p. 2.

[15] *Id.*

plaintiff being on a hunger strike.[16]   Plaintiff voiced no

complaints associated with the August 4 incident.[17]   Plaintiff's

mental heath records showed that he was examined by a social worker

on August 8, 2011.[18]   The social worker assessed the plaintiff as

functioning adequately, with no acute distress noted and no mental

health concerns at the time.[19]

Defendant Col. Smith argued that because there is no objective

medical evidence to support a finding that the plaintiff sustained

an injury as a result of the alleged use of excessive force, he is

entitled to summary judgment as a matter of law.   Defendant Col

Smith previously raised the same argument[20] which was rejected by

the court.[21]   As was noted in the prior Magistrate Judge's Report,

the plaintiff's allegations of injury directly contradict the

defendant's assertion that the plaintiff did not sustain any

injury.

Defendant Col. Smith further argued that because "there exists

---

[16] *Id*. at 3.

[17] *Id*.

[18] Record document number 48-5, p. 2.

[19] *Id*.

[20] Record document number 10-3, pp. 6-13 and record document
number 21-1, pp. 6-13.

[21] Record document numbers 29 and 33.

no evidence, medical or otherwise,"[22] that the amount of force used on the plaintiff was unconstitutional, he is entitled to summary judgment as a matter of law.  Defendant's argument is groundless. The allegations in the plaintiff's verified complaint, as well as in his affidavits in support of his motion for summary judgment, are sufficient to create a disputed issue of material fact regarding whether the plaintiff sustained an injury, the need for the application of force, the relationship between the need and use of force, the threat perceived by the official, and efforts made to temper the severity of the response.  *See Hudson*, 503 U.S. at 6-7, 112 S.Ct. at 998-999.

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate that the Plaintiff's Cross Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment, record document numbers 58 and 48, respectively, be denied.

Baton Rouge, Louisiana, June 5, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[22] Record document number 48-2, p. 12.

10