UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES TYLER (#372199)

VERSUS                                              CIVIL ACTION

JIMMY SMITH, ET AL.                                 NUMBER 12-222-SDD-SCR

## RULING ON MOTIONS IN LIMINE

Before the Court are two motions filed by the Plaintiff and captioned *Motion In Limine to Exclude Documentary and Testimonial Evidence From Plaintiff's Trial*. Record document numbers 38 and 72. The motions are opposed.[1]

### I. Background

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Col. Jimmy Smith, Asst. Warden Angie Norwood and Warden Burl Cain. Plaintiff alleged that he was subjected to an excessive use of force in retaliation for filing an administrative grievance, and he was intimidated into refusing medical treatment, all in violation of his constitutional rights.[2]

On October 18, 2012, a Magistrate Judge's Report was issued recommending that the Plaintiff's claims that Defendant Col. Smith

---

[1] Record document numbers 44 and 75, respectively.

[2] Record document numbers 1, 3 and 17.

sprayed him with a chemical agent in retaliation for filing an ARP, Defendant Asst. Warden Norwood failed to intervene during the August 4, 2011 incident, Defendant Col. Smith threatened him and intimidated him into refusing medical treatment, and Defendants Warden Cain and Asst. Warden Norwood failed to prevent a known pattern of physical abuse by Defendant Col. Smith be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) and that the Court decline to exercise supplemental jurisdiction over any state law claim.[3]

On November 27, 2012, the District Judge adopted the Magistrate Judge's Report as the Court's opinion and referred the matter back to the Magistrate Judge for further proceedings on the Plaintiff's § 1983 excessive use of force claim against Defendant Col. Smith.[4]

On March 27, 2013, a video pretrial conference was held before the Magistrate Judge.[5] On June 5, 2013, a second Magistrate Judge's Report was issued to the District Judge recommending that the parties' cross motions for summary judgment be denied.[6]

---

[3] Record document number 29.

[4] Record document number 33.

[5] Record document number 74.

[6] Record document number 82.

### A. Evidence Regarding Medical Treatment Sought

In his first motion in limine, the Plaintiff sought to exclude at trial the introduction of any evidence that would imply that he did not request or seek medical treatment following the incident. Plaintiff argued that following the incident, the defendant threatened and intimidated him into not seeking medical treatment. Plaintiff argued that although inmate Clarence Harris witnessed the defendant's threats and intimidation, he was not permitted to name him as a trial witness because his claims against the defendant regarding threats and intimidation were previously dismissed by the court. Plaintiff argued that because he was not going to be permitted to call Harris as a witness at trial, the defendant should be precluded from introducing at trial any evidence regarding his failure to seek medical treatment following the incident.

A review of record showed that contrary to the Plaintiff's assertion, he identified Clarence Harris as witness 2 on his pretrial order insert.[7] Although Harris' affidavit may be excluded as hearsay, the Plaintiff will be permitted to call him as a witness at trial.

---

[7] Plaintiff was placed on notice at the video pretrial conference that because inmate witnesses 1, 2 and 3 are located on death row, the district judge may limit the Plaintiff to calling only one of these witnesses, or may require that they testify on separate days. Supplemental Pretrial Order, record document number 74, pp.1-2.

3

Plaintiff's motion in limine to exclude evidence regarding whether he sought medical treatment following the incident is denied.

### B. Evidence Regarding Religious Affiliation

In his second motion in limine, the Plaintiff sought to exclude any evidence referencing his religious affiliation on the date of the incident. Plaintiff argued that his religious affiliation at the time of the incident is irrelevant because he did not assert a First Amendment claim.

Defendant opposed the Plaintiff's motion, arguing that the Plaintiff's religious affiliation at the time of the incident is relevant. Defendant argued that the Plaintiff wrote a derogatory letter after not being provided a pork-free religious diet tray. When the defendant came to the Plaintiff's cell to question him regarding the letter, the Plaintiff cursed him and failed to comply with orders to cease the disturbance. Defendant argued that but for the Plaintiff becoming angry because he was not provided a religious pork-free breakfast tray, the alleged events giving rise to the lawsuit would not have occurred.[8]

Although the admission of evidence regarding the Plaintiff's declared religious affiliation on the day of the incident would not prove or disprove that the elements of an excessive force claim were met, it would nonetheless provide relevant background

---

[8] Record document number 75, p. 3.

4

information regarding events leading to the use of force on the day of the incident.

Plaintiff's motion in limine to exclude evidence regarding his religious affiliation is denied.

### C. Evidence Regarding Department Regulation No. C-02-006

In his second motion in limine, the Plaintiff also sought to exclude the admission of Department Regulation No. C-02-006 dated December 20, 2010, on grounds that it was not in effect at the time of the incident having been superceded by Penitentiary Directive No. 09-002 dated June 27, 2011.

Defendant opposed the motion in limine on grounds that both the regulation and the directive were in effect on the day of the incident.

A review of Department Regulation No. C-02-006 showed that it was issued by Louisiana Department of Public Safety and Corrections Secretary James LeBlanc on December 20, 2010. A review of Penitentiary Directive No. 09-002 showed that it was issued by Warden Burl Cain on June 27, 2011. Although both provide guidelines regarding the use of force and its limitations, there is no indication that the penitentiary directive issued by Warden Cain superceded the department regulation issued by the Secretary LeBlanc.

Plaintiff's motion in limine to exclude Department Regulation No. C-02-006 is denied.

**ACCORDINGLY**, the Plaintiff's *Motions In Limine to Exclude Documentary and Testimonial Evidence From Plaintiff's Trial*, record document numbers 38 and 72, are DENIED.

Baton Rouge, Louisiana, June __10__, 2013.

*/s/ Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA